UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ELDON BLAND,

        Plaintiff,

   v.

PAULA M. SAWYERS, et al.,

        Defendants.

Case No. 2:17-cv-762
Judge George C. Smith
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff James Eldon Bland, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Prosecuting Attorney Paula M. Sawyers, State Trooper Jarod Myers, "Newark Police Department Police Officers/Detectives," and "Heath Police Department Police Officers." (*See* Doc. 1-2 at 2). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). However, having performed an initial screen, it is **RECOMMENDED** that this case be **DISMISSED**.

## I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

For reasons that are unclear, Plaintiff submitted three separate, unsigned complaints in this case. (*See generally* Docs. 1-1, 1-2). Because they are unsigned, Plaintiff's complaints are subject to dismissal without prejudice. *See, e.g.*, *Carr v. Village of Greenhills, et al.*, No. 1:14-cv-994, 2015 WL 519213, at *5 (S.D. Ohio Feb. 9, 2015). Further, as set forth below, Plaintiff's claims are likewise subject to dismissal for failure to state a claim upon which relief can be granted.

### A. The First Complaint

In the first complaint, Plaintiff alleges that "she" (likely Prosecuting Attorney Paula M. Sawyers) "neglected to review provided evidence." (Doc. 1-1 at 4). He also generally alleges "ongoing harassment." (*Id*.). He claims that the events giving rise to his complaint occurred in

the "Licking County jail, personal residence, [and] public domain" on February 9, 2016 and December 17, 2015. (*Id*.). In the most detailed portion of his first complaint, Plaintiff alleges that "[t]he prosecutor didn't check [his] alibi, stated she didn't know [he] had a twin brother, wrongfully imprisoned [him] leading to an assault against [him], which has led to harassment from state officials." (*Id*.). He further claims to have received "received no medical attention" while incarcerated, but doesn't specify his injury or medical condition. (*Id*. at 5). Plaintiff also claims his DNA was taken improperly and an individual was asked "to set [him] up," but he doesn't explain any of the circumstances surrounding those events. (*Id*. at 4). Finally, Plaintiffs requests that two individuals be released from custody because he feels they were given harsh sentences based on their association with him. (*Id*. at 5).

**B.     The Second Complaint**

Plaintiff's second complaint sets forth claims for malicious prosecution, wrongful imprisonment, assault, and harassment. (Doc. 1-2 at 4). Similar to the first complaint, the limited detail Plaintiff offers in support of his claims is difficult to decipher and, at times, illegible. (*See generally* Docs. 1-1, 1-2). Plaintiff generally alleges that there "have [been] plenty of occurrences" that are "ongoing," which took place in the "Licking County courts, Licking County jail, and Newark City public." (*Id*.). Plaintiff lists relevant dates as February 9, 2016, March 22, 2016, and December 17, 2015, but what occurred on those dates is unclear. (*Id*.).

Plaintiff reiterates his general claims of assault, harassment, the improper taking of DNA, and the "set up," but still fails to provide any of the circumstances surrounding those events, including who was involved or when they occurred. (*Id*. at 4). He also renews his request for two individuals to be released from custody because they were given harsh sentences based on

3

their association with him. (*Id*. at 5). Plaintiff further claims that dispatch records show this social security number was run on many occasions, but it's unclear what that means. (*See id*.).

Plaintiff alleges that the charges against him were dismissed, but he is "no longer able to see [his] daughter because of her grandmother." (*Id*.). He also claims "it is hard to find a well-paying job or further [his] education because of the charges," which are still public record. (*Id*.). Plaintiff does not connect Defendants to those allegations, specify what the charges were, or why they were dismissed. (*Id*.).

### C. The Third Complaint

Plaintiff's third complaint is a "small claims complaint," filed against Prosecuting Attorney Paula M. Sawyers and State Trooper Jarod Myers. (*Id*. at 7). The sole statement of the claim is that Defendants owe him $15,000 for lost wages and child support. (*Id*.). Because this Court is not a small claims court, the third complaint appears to have been filed in error.

### D. Sufficiency of the Complaints

The Court finds that Plaintiff's claims, as constituted, fail to meet the basic pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. Stated simply, Plaintiff cites no facts to support his allegations, which consist of nothing more than an insufficient "labels" or "conclusions." *Iqbal*, 556 U.S. at 678. Although this Court has construed Plaintiff's claims liberally, they fail to satisfy the requirement for "basic pleading essentials." *Wells*, 891 F.2d at 594. Consequently, the Court **RECOMMENDS** dismissal. The Court also **RECOMMENDS** dismissal because Prosecuting Attorney Paula M. Sawyers is immune, *see Drake v. Howland*, No. 2:09-cv-824, 2010 WL 3470483, at *2–4 (S.D. Ohio Sept. 2, 2010), and Plaintiff has provided insufficient factual content or context from which the Court could

reasonably infer that Defendants were personally involved in a violation of his rights, *Walker v. Mohr*, No. 2: 16-cv-769, 2017 WL 398418, at *3–4 (S.D. Ohio Jan. 30, 2017).

## III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that this case be **DISMISSED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 22, 2017         /s/Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE